FILED '10 MAR 23 14:42 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BRIAN WILLARD FERRELL )
)
        Plaintiff, ) Case No. 08-6294-HO
)
        v. ) ORDER
)
CITY OF EUGENE, A MUNICIPALITY; )
OFFICER TERRY BAGLEY, (No. 366), )
DETECTIVE SCOTT VINJE (No. 270), )
SGT. JERRY WEBBER, OFFICER MELINDA )
RAUCH (No. 124); in their )
individual capacity, and as police )
official for the City of Eugene, )
Oregon; Lane County Corrections )
Department; Health Care Personnel, )
)
        Defendant. )

On September 22, 2008, plaintiff Ferrell, *pro se*, filed a complaint against the City of Eugene, Officer Terry Bagley,

1 - ORDER

Detective Scott Vinje, Sergeant Jerry Webber, and Officer Melinda Rauch, (defendants). The complaint alleged that on September 21, 2006, plaintiff had been unlawfully detained and arrested in violation of various federal and state laws. On August 14, 2009, plaintiff served all defendants except for defendant Rauch.

All defendants who were served filed a motion pursuant to FRCP 4(m), to dismiss plaintiff's complaint for untimely service. In response, plaintiff filed a motion for extension of time for service and a motion to request a hearing. Plaintiff asserts that because he was incarcerated from September 2006 until October 2009, he encountered difficulty gathering the necessary documentation in order to timely serve defendants. Plaintiff essentially requests that this court waive the time limit for service.[1]

Rule 4(m) provides that "if a defendant is not served within 120 days after the complaint is filed," the court must either dismiss the claim(s) or "order that service be made within a specified time." However, Rule 4(m) expressly requires the court to extend the time for service if the plaintiff can show "good cause." "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

The Ninth Circuit also recognizes that "an incarcerated pro

---

[1]Plaintiff does not present any evidence in support of his motions.

2 - ORDER

se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). The plaintiff who relies on the U.S. Marshal for service must provide the necessary information and documents to help effectuate service. *Id.* "So long as the prisoner has furnished the information necessary to identify the defendant, the [U.S.] Marshal's failure to effect service 'is automatically good cause...'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994)(abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)).

Plaintiff has failed to show "good cause" to justify granting his request for an extension of time for service. Although he argues that his incarceration from September 2006 until October 2009 affected his ability to collect the necessary documentation in order to timely serve the defendants, this argument lacks merit for several reasons.

First, plaintiff did not appear to have any difficulty collecting the necessary documentation and information to timely file a complaint against defendants in September 2008, even though he was incarcerated. Second, plaintiff does not provide any explanation for encountering difficulty in gathering the necessary documentation and information to then timely serve defendants.

Plaintiff's service, to be timely, had to be effectuated by

3 - ORDER

January 2009. I note that contrary to plaintiff's assertion that he had difficulty gathering the necessary documents, the Process Receipt and Return forms are dated as filled out on November 18, 2008, well before the January service deadline. However, his service was effectuated nine months after the 120-day period for service had run - in August 2009.

Third, plaintiff's failure to timely serve defendants cannot be attributed to any inaction or delay on the part of the U.S. Marshal. The record shows that the U.S. Marshal effectuated service on defendants as soon as the service documentation was received from plaintiff.

Although the court has broad discretion to extend time for service under Rule 4(m), *Henderson v. United States*, 517 U.S. 564 (1996), the court must also keep in mind that *pro se* litigants are required to follow the same rules and procedures that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1986) (same).

Based on the above reasoning, I find that plaintiff has failed to show excusable neglect or good cause for missing the service deadline.

The statute of limitations for plaintiff's federal and state claims is two years. *Jones v. Blanas*, 393 F.3d 918, 927("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions..."); O.R.S. §

4 - ORDER

12.110(1) (personal injury actions shall be commenced within two years). Thus, although plaintiff filed his complaint within the requisite two year window,[2] any additional filings by plaintiff will be time-barred by the statute of limitations. Therefore, dismissal with prejudice is appropriate in this case.

## Conclusion

Based on the foregoing, the City of Eugene defendants' Motion to Dismiss [#14] is GRANTED. This case is hereby dismissed with prejudice against defendants City of Eugene, Terry Bagley, Scott Vinje, and Jerry Webber.

IT IS SO ORDERED

DATED this 23rd day of March, 2010.

*Michael R. Hogan*
UNITED STATES DISTRICT JUDGE

---

[2] The event in question occurred on September 21, 2006. Plaintiff filed his complaint on September 22, 2008.

5 - ORDER