IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

```
BRIAN WILLARD FERRELL                )
                                     )
             Plaintiff,              )   Case No. 08-6294-HO
                                     )
        v.                           )   ORDER
                                     )
CITY OF EUGENE, A MUNICIPALITY;      )
OFFICER TERRY BAGLEY, (No. 366),     )
DETECTIVE SCOTT VINJE (No. 270),     )
SGT. JERRY WEBBER, OFFICER MELINDA   )
RAUCH (No. 124); in their            )
individual capacity, and as police   )
official for the City of Eugene,     )
Oregon; and LANE COUNTY              )
CORRECTIONS DEPARTMENT; Health       )
Care Personnel,                      )
                                     )
             Defendants.             )
_____
```

On September 22, 2008, plaintiff Ferrell, *pro se*, filed a complaint against the City of Eugene, Officer Terry Bagley,

1 - ORDER

Detective Scott Vinje, Sergeant Jerry Webber, and Officer Melinda Rauch, (defendants), and the Lane County Department of Corrections (Lane County Corrections), health care personnel. [#2].  The complaint alleged that on September 21, 2006, plaintiff had been unlawfully detained and arrested in violation of various federal and state laws.  On August 14, 2009, plaintiff served all defendants except for defendant Rauch[1].

Defendants City of Eugene, Terry Bagley, Scott Vinje and Jerry Webber, pursuant to FRCP 4(m), filed a motion to dismiss plaintiff's complaint for untimely service.  In an order dated March 23, 2010, this court granted that motion and dismissed those defendants. [#23].

Lane Count Corrections now seeks to join the defendants City of Eugene, Terry Bagley, Scott Vinje and Jerry Webber, in moving to dismiss plaintiff's complaint served against them on August 14, 2009, for failure to timely serve without good cause. [#28]. Because the other defendants have already been dismissed from this action, Lane County Corrections' Motion to Join is hereby construed as a Motion to Dismiss.

Rule 4(m) provides that "if a defendant is not served within 120 days after the complaint is filed," the court must either dismiss the claim(s) or "order that service be made within a

---

[1] Defendant Rauch has been dismissed from this case because of plaintiff's on-going failure to serve her.

2 - ORDER

specified time."  However, Rule 4(m) expressly requires the court to extend the time for service if the plaintiff can show "good cause."  "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

The Ninth Circuit also recognizes that "an incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  The plaintiff who relies on the U.S. Marshal for service must provide the necessary information and documents to help effectuate service. *Id.*  "So long as the prisoner has furnished the information necessary to identify the defendant, the [U.S.] Marshal's failure to effect service 'is automatically good cause...'"  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994)(abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)).

In previous briefing plaintiff admitted to "unfortunately not serv[ing] within the time frame" and failed to show good cause to justify granting any request for an extension of time for service. [#21].  First, plaintiff did not appear to have any difficulty collecting the necessary documentation and information to timely file a complaint against defendants in September 2008, even though he was incarcerated.  Second, plaintiff did not provide any explanation for encountering difficulty in gathering the necessary documentation and information to then timely serve

3 - ORDER

defendants[2]. Third, given that the record shows that the U.S. Marshal effectuated service on defendants as soon as the service documentation was received from plaintiff, plaintiff's failure to timely serve defendants cannot be attributed to any inaction or delay on the part of the U.S. Marshal.

Although the court has broad discretion to extend time for service under Rule 4(m), *Henderson v. United States*, 517 U.S. 564 (1996), the court must also keep in mind that *pro se* litigants are required to follow the same rules and procedures that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1986) (same). Based on the above reasoning, I find that plaintiff has failed to show excusable neglect or good cause for missing the applicable service deadline.

Furthermore, the statute of limitations for plaintiff's federal and state claims is two years. *Jones v. Blanas*, 393 F.3d 918, 927("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions..."); O.R.S. § 12.110(1) (personal injury actions shall be commenced within two years). Thus, although plaintiff filed

---

[2] Plaintiff's service, to be timely, had to be effectuated by January 2009. Contrary to plaintiff's assertion that he had difficulty gathering the necessary documents, the Process Receipt and Return forms were dated as filled out on November 18, 2008, well before the January service deadline. However, his service was effectuated nine months after the 120-day period for service had run - in August 2009.

4 - ORDER

his complaint within the requisite two year window,[3] any additional filings by plaintiff will be time-barred by the statute of limitations.  Therefore, dismissal with prejudice is appropriate in this case.

## Conclusion

Based on the foregoing, the Lane County Department of Corrections Motion to Dismiss [#28] is GRANTED.  This case is hereby dismissed with prejudice.

IT IS SO ORDERED

DATED this ____6th____ day of April, 2010.


                                              _s/ Michael R. Hogan_
                                            UNITED STATES DISTRICT JUDGE

---

[3] The event in question occurred on September 21, 2006. Plaintiff filed his complaint on September 22, 2008.

5 - ORDER